UNITED STATES, Appellee,

v.

Craig S. ROZYCKI, Private, U. S. Marine Corps, Appellant.

No. 31,219.
NCM 75–1239.

U. S. Court of Military Appeals.

May 23, 1977.

*Lieutenant Commander Carl H. Horst,* JAGC, USN, argued the cause for Appellant, Accused.

*Lieutenant Patrick A. Fayle,* JAGC, USN, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonol P. N. Kress, Lieutenant Commander Harvey E. Little,* and *Captain W. David Blunk,* USMC.

## Opinion of the Court

PERRY, Judge:

The appellant was convicted by a special court-martial consisting of a military judge alone of numerous offenses. He was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, and forfeitures of $200 pay per month for 3 months. On September 13, 1974, the convening authority approved the findings and sentence, but suspended the unexecuted portion of the confinement, the forfeitures in excess of $200 pay per month for 2 months, and the bad-conduct discharge, for a period of 6 months. This action was approved by the general court-martial convening authority on March 5, 1975, but on March 26, 1975, he vacated the suspension of the bad-conduct discharge. We granted review to determine whether the suspension was properly vacated. We conclude that it was not.

■ As a result of unauthorized absences by the appellant from 7:01 a. m., January 17, 1975, to 7:00 a. m., January 20, and from 11:00 a. m., January 20, to 12:00 a. m., January 23, a hearing officer was appointed by the special court-martial convening authority. A hearing was held by that officer[1] on February 14, 1975, pursuant to procedures prescribed in Article 72(a), Uniform Code of Military Justice, 10 U.S.C. § 872(a). On February 18, 1975, the special court-martial convening authority recommended that the suspension of the bad-conduct discharge be vacated; the general court-martial convening authority did in fact vacate the suspension of the discharge on March 26, 1975.[2]

The 6-month period of suspension involved in this case, which began on September 13, 1974, normally would have expired on March 13, 1975. Paragraph 88*e*(3), Manual for Courts-Martial, United States, 1969 (Rev.), provides:

> The expiration of the period specifically provided in the action suspending a sentence or part thereof remits the suspended portion unless the suspension is sooner vacated.

As earlier noted, the suspension was not vacated until March 26, 1975, well after the date on which the period of suspension was

---

1. In *United States v. Bingham,* No. 31,550, 3 M.J. 119 (C.M.A.1977), we held that the special court-martial convening authority must, by the clear language of the Uniform Code of Military Justice, 10 U.S.C. § 872(a), Article 72(a), *personally* conduct this hearing. The procedure followed in the appellant's case, therefore, is improper.

2. In *United States v. Bingham, supra,* we held that application of the Supreme Court's opinion in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), to the military requires that the decision-maker—the general court-martial convening authority—make a written statement "as to the evidence relied on and the reasons for revoking parole." *Morrissey v. Brewer, supra,* at 489, 92 S.Ct. at 2604. Such a report was not filed in this case.

scheduled to terminate. However, the offenses which were the subject of the vacation proceedings were unauthorized absences. Paragraph 88e(3) of the Manual states:

> However, the unauthorized absence of an accused interrupts the running of the period of suspension of a sentence.

Nevertheless, even if the period of suspension is extended for a length of time equal to the 7 days of unauthorized absence, such period would have terminated on March 20, 1975—prior to the vacation of the suspended discharge, but subsequent to the initiation of the vacation hearing. Thus, we must determine whether the vacation hearing itself tolled the running of the period of suspension.

Counsel for the Government have cited paragraph 0129(b), Manual of the Judge Advocate General, Department of the Navy (change 7), which provides that vacation proceedings interrupt the running of the period of suspension. This section further provides that if the suspension is not vacated, the running of the period of suspension resumes as of the initial date of the vacation proceedings.

 However, the provisions of the Navy manual must be consistent with those of the Uniform Code of Military Justice and of the Manual for Courts-Martial. Although paragraph 88e(3), MCM, specifies only unauthorized absence as an event which interrupts the running of the suspension period, we do not interpret this paragraph as precluding interruptions for other reasons. In *United States v. Bryant,* 12 U.S.C.M.A. 133, 30 C.M.R. 133 (1961), the Court concluded that the enumeration of periods in Article 57(b) of the Code in computing the service of a term of confinement was not exclusive of other periods. This conclusion was based on a "[c]ommon sense" approach to the intention and purpose of the statute. *Id.* at 137, 30 C.M.R. at

137. The same rationale is applicable to paragraph 88e(3), and it leads to a similar conclusion. Illustratively, if a probationer's misconduct occurred near the end of his period of suspension, unless initiation of vacation proceedings interrupts the running of the period of suspension, that period undoubtedly would terminate before the vacation proceedings required by Article 72, and by *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), could be completed. We believe that a common sense approach to the intention and purpose of the statute dictates otherwise. Accordingly, we hold that the pending vacation proceedings in the present case interrupted the period of suspension and that the suspension of the bad-conduct discharge was vacated before the termination of the period of suspension.[3] We hasten to add that such vacation proceedings must be completed within a reasonable period of time. *See generally Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974); *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). The time involved in this instance was reasonable.

Although our holding in *United States v. Bingham,* No. 31,550, 3 M.J. 119 (C.M.A. 1977), see notes 1 and 2, *supra,* dictate reversal of this case, one matter warrants further discussion. The special court-martial convening authority recommended that the suspension of the bad-conduct discharge be vacated, with the following remarks:

> Private First Class ROZYCKI has failed to demonstrate any desire on his part to improve his unsatisfactory performance of duty. His frequent involvement with both military and civilian authorities alike has created a serious administrative and disciplinary burden for this command. This most recent charge

---

**3.** Paragraph 97b, Manual for Courts-Martial, United States, 1969 (Rev.), prescribes that "the order of vacation of the suspension must be issued prior to the end of the period of suspension even though, in certain cases, it may not be effective as an order of execution of the suspended sentence until the completion of appellate review or action by the Secretary concerned." However, as we now hold that vacation proceedings toll the running of the suspension period, the order vacating the suspension, which symbolizes the completion of those proceedings, was timely.

has only served to reinforce my belief that Private First Class ROZYCKI be discharged with a bad-conduct discharge at the earliest available opportunity.

■ The appellant's military disciplinary involvement is clearly documented, as both the record of the court-martial and the vacation proceedings contain evidence to that effect. However, his involvement with the civilian authorities, if any, is not a matter of record. Additionally, he was not notified that his alleged violation of probation included some form of misconduct in the civilian sector and it does not appear that he was given an opportunity to rebut any such evidence. *Morrissey v. Brewer, supra.* Furthermore, the special court-martial convening authority's remarks raise a serious question as to the fixed bias of that officer. In any event, his recommendation was predicated on matters which were not in the record and which were not contained in the notification of the alleged violations. Thus, requisite procedures were not followed. *See United States ex rel. Carson v. Taylor,* 540 F.2d 1156 (2nd Cir. 1976); *Kloner v. United States,* 535 F.2d 730 (2d Cir. 1976).

■ The decision of the United States Navy Court of Military Review is reversed as to the sentence. The record is remanded to the Court of Military Review which in its discretion may either approve a sentence which does not include a bad-conduct discharge or return the record to a competent authority to determine if a new vacation proceeding is practicable. *See United States v. Glaze,* 22 U.S.C.M.A. 230, 46 C.M.R. 230 (1973).

Chief Judge FLETCHER concurs.

COOK, Judge (concurring in part and dissenting in part):

In my dissent in *United States v. Bingham,* No. 31,550, 3 M.J. 119 (C.M.A.1977), I set out my disagreement with the grounds for reversal relied upon in footnotes 1 and 2 of the majority opinion. However, as the record of the vacation proceeding reflects that the special court-martial convening authority relied on matters which were contained in neither the record nor the notification of the alleged violations of appellant's probation, I concur with the majority's disposition of the case.