UNITED STATES

v.

Steven M. HARKNESS, 508 72 3817, Private First Class (E–2), U. S. Marine Corps.

NCM 77 1286.

U. S. Navy Court of Military Review.

Sentence Adjudged 16 March 1977.

Decided 19 Sept. 1977.

CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, Senior Judge, and GLADIS and GRANGER, JJ.

NEWTON, Senior Judge:

This case was initially decided by this Court on 16 August 1977. At that time it had been submitted for review without assignment of error. The findings and sentence were affirmed. However, prior to formalization and publication of the Court's decision, appellant moved to withdraw his prior submission and to substitute an assignment of error by framing the following issue:

Whether appellant's suspended bad conduct discharge was properly vacated.

That motion, dated 23 August 1977, was granted on 24 August 1977. The Court's initial decision was withdrawn. The case has been reconsidered.

The appellant is convicted of wrongful possession of two tablets of lysergic acid diethylamide in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. His sentence for the offense as approved prior hereto includes a bad conduct discharge, 60 days confinement, forfeiture of $200 each month for 3 months and reduction to pay grade E–1. In his action on the record of trial on 4 April 1977, the convening authority suspended execution of the bad conduct discharge until 4 April 1978, with provision for automatic remission of that punishment unless the suspension is sooner vacated.

On 24 June 1977, the convening authority initiated proceedings to vacate the suspension based on appellant's misconduct. That misconduct allegedly consisted of one offense of disrespect toward a corporal, one offense of disobedience to a sergeant, one offense of threatening a lance corporal, and one offense of disobedience to a lieutenant.

On 21 July 1977, the officer exercising general court-martial jurisdiction over the case vacated the suspension. That action was consistent with the recommendations of the convening authority and the staff judge advocate.

The general court-martial convening authority failed to include in the record a written statement as to the evidence relied on and the reasons for revoking the suspension. That omission is the foundation for the appellant's assignment of error. The Government in response to the assignment agrees that the vacation proceedings are deficient.

In *United States v. Bingham,* 3 M.J. 119 (C.M.A.1977), and in *United States v. Rozycki,* 3 M.J. 127 (C.M.A.1977), the United States Court of Military Appeals mandates that the general court-martial convening authority who makes the decision must make a written statement as to the evidence relied on and the reasons for revoking parole, when vacation proceedings culminate in that action.

⬛ Although there may be some distinction made between the phrases "revocation of parole" and "vacation of suspension of execution of a sentence", it appears that the phrases are interchangeable in the above decisions. Those decisions prescribe certain procedural and substantive action during vacation proceedings. Those requirements may be met through careful utilization of the Report of Proceedings to Vacate Suspension, DD Form 455, and are summarized below. They are:

1. Personal conduct of a vacation hearing by the convening authority;

2. Notice to the appellant of the time, place and purpose of the hearing, including the alleged misconduct giving rise to the proceeding;

3. Opportunity to the appellant to cross-examine and confront adverse informants, unless good cause exists for not allowing confrontation, and opportunity to examine all other evidence and documents used in the proceeding;

4. Opportunity to the appellant to be heard and to present evidence in his own behalf;

5. A summary or digest of the hearing; and

6. A statement in the record of the evidence relied on and the reasons for vacation of the suspension if such occurs.

■ The vacation proceedings in the instant case appear defective in the following respects in light of the two noted decisions.

1. It does not appear that the appellant was advised of the evidence against him (written statements) and given opportunity to examine that evidence inasmuch as those matters are marked "N/A" in the record of proceedings, and are not elsewhere shown to have been made available to the appellant.

2. There is no written statement in the record setting out the evidence relied on and reason for vacating the suspension by the officer exercising general court-martial jurisdiction who made the decision.

In view of those discrepancies, it is considered necessary to set aside the supplementary action of the general court-martial convening authority dated 21 July 1977, which purports to vacate the suspension of execution of a portion of the sentence of this special court-martial. In so doing we have again examined the record and perceive no prejudicial error in either the findings of guilty or the sentence, wherein the execution of the sentence is partially suspended by prior actions.

Accordingly, the findings of guilty and the sentence, the execution of the latter being partially effected and partially suspended, as approved on prior review are affirmed. The supplementary action of the officer exercising general court-martial jurisdiction dated 21 July 1977, which vacates the suspension of the execution of that part of the sentence relating to a punitive discharge, is set aside. Additional vacation proceedings relating to the suspension of execution of the punitive discharge may be instituted as considered appropriate by proper authority. Such proceedings, if any, must be conducted in accordance with the procedural and substantive requirements as previously noted herein and as set out in *United States v. Bingham,* and *United States v. Rozycki,* both *supra.*

GRANGER concurs.

Judge GLADIS (absent).