**UNITED STATES**

v.

**James T. WARD, Jr., 348 50 7732, Private (E-1), U. S. Marine Corps.**

**NCM 77 0570.**

U. S. Navy Court of Military Review.

Sentence Adjudged 29 Dec. 1976.

Decided 16 June 1978.

CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before NEWTON, GLADIS and GRANGER, JJ.

NEWTON, Senior Judge:

By decision of 21 April 1977, this Court affirmed the conviction of the accused of a 104-day unauthorized absence, for which he was sentenced to confinement for 4 months, forfeiture of $175.00 per month for 4 months and a bad-conduct discharge, the punitive discharge suspended until 7 February 1978, with provision for automatic remission unless the suspension is sooner vacated.

Proceedings to vacate the suspended portion of the punishment were initiated on the basis of two alleged acts of misconduct by the accused on 15 and 16 June 1977. Those acts of misconduct are alleged as attempted theft and communication of a threat, respectively. In July 1977, the officer exercising authority as the special court-martial convening authority personally conducted a hearing in the matter of vacation at which the accused was present. That official reported thereon, and recommended the suspension be vacated. On 18 August 1977, the officer exercising general court-martial jurisdiction over the accused decided to vacate the suspension as recommended. The reasons given were that sufficient evidence was presented at the vacation hearing to determine the accused committed the act of misconduct as alleged and that the misconduct was considered a serious violation of probation.

On 31 October 1977, the accused filed a Brief and Petition for Extraordinary Relief In the Nature of Certiorari in this Court, wherein he contended that he was denied due process of law in the proceedings to vacate the suspension of the sentence. The thrust of the accused's assertions was: The officer who decided to vacate the suspension failed to state the evidence relied on and the reasons for his action; the great weight and clear preponderance of the evidence is contrary to the action taken; and the accused was denied a hearing before the officer exercising general court-martial jurisdiction prior to the time the vacation decision was made. The accused's prayer for relief was that the vacation proceedings be set aside and his status restored.

On 2 November 1977, this Court denied the accused's Petition for Extraordinary Relief In the Nature of Certiorari, for failure to state a cause for which extraordinary

remedy was appropriate in that the petition failed to show the accused had sought appropriate administrative remedies to redress the wrong claimed.

By order dated 27 February 1978, a copy of which was not received in this Court until 30 March 1978, the United States Court of Military Appeals remanded the record to this Court with direction to exercise extraordinary writ powers in reviewing matters raised by the accused and for further action deemed appropriate. The basis for that action is that "vacation proceedings conducted in accordance with Article 72, UCMJ, 10 U.S.C. § 872, are integral parts of a court-martial sentence," the High Court citing *United States v. Bingham*, 3 M.J. 119 (C.M.A.1977).

That this Court has and must exercise some extraordinary writ power seems clear, if for no other reason than it having been thrust here by order of our superior tribunal in this case. *Compare McPhail v. United States*, 1 M.J. 457 (C.M.A.1976); *United States v. Lanford*, 6 U.S.C.M.A. 371, 20 C.M.R. 87 (1955); *Barnett v. Persons*, 4 M.J. 934 (A.C.M.R.1978); *United States v. Draughon*, 42 C.M.R. 447 (A.C.M.R.1970); *United States v. Coppola*, 44 C.M.R. 801 (A.C.M.R. 1971); *Combest v. Bender*, 43 C.M.R. 899 (C.G.C.M.R.1971); *Cridland v. Seamans*, 46 C.M.R. 553 (A.F.C.M.R.1972); and 20 Am. Jur.2d, Courts §§ 78 and 79.

Although the accused denominates his petition in the nature of certiorari, it might be more appropriately entitled as a petition for writ of review. Whatever the name, which is left to the Judge Advocate General for determination in his rule-making capacity, Article 66(f), UCMJ, 10 U.S.C. § 866(f), we herewith exercise extraordinary writ power as it pertains to court-martial sentences and supervisory responsibility over military justice, as mandated by the United States Court of Military Appeals in this case.

In the opinion in *Bingham, supra*, two requirements, *inter alia*, are set out for vacation proceedings which were not met in the proceedings conducted against the accused. Those requirements are:

1. The general court-martial convening authority must make a written statement as to the evidence relied on and the reasons for revoking parole. *United States v. Rozycki*, 3 M.J. 127 (C.M.A.1977), 128 n. 2.

2. The revocation hearing officer—special court-martial convening authority—is to provide an evaluation of any contested facts and a determination of whether the facts, as found, warrant revocation.

In this case, diametrically opposed evidence was submitted at the revocation proceedings: An eye witness saw the accused in the commission of additional offenses; and, eye witnesses provided the accused an alibi. With no statement of facts found by either the decision-maker or the hearing official, it is impossible to ascertain the facts utilized to arrive at their decision with any certainty. That error is fatal to the vacation proceedings. *Bingham* and *Rozycki*, both *supra*. However, the error may be cured, as we previously attempted, by return of the record to cognizant authorities for compliance with the requirements of the law. Our previous endeavor was categorized as an administrative remedy attainable by the accused by appropriate request to those authorities. *See Bingham, supra*, 120 n. 2. That initial effort was not satisfactory. As a consequence, we mandate the disposition set out below.

Finally, we find no merit to the remainder of the accused's assertions and so note as an aid in bringing this case to final resolution.

The vacation action on the suspension of the sentence in the case *sub judice* is set aside. The record is returned to the Judge Advocate General of the Navy for remand to the officer exercising general court-martial jurisdiction, who may within reasonable time either disapprove the vacation proceedings and set them aside, or return the record to the officer exercising special court-martial jurisdiction for a written evaluation of the contested facts, determination as to whether those facts as found warrant revocation, and return to the su-

pervisory authority with recommendation for appropriate disposition. The latter disposition may consist of a written statement as to the evidence relied on and the reasons for vacating or not vacating the suspended sentence, and appropriate action thereafter. In the event the suspended bad-conduct discharge is not vacated, and during the interim period, the accused is to be restored all rights, privileges, and property of which he might have been deprived by the prior vacation action.

Judge GLADIS concurs.

Judge GRANGER (absent)