**UNITED STATES, Appellee,**

v.

**Charles Paul PELLS, Yeoman Seaman, U. S. Navy, Appellant.**

No. 33,888.

NCM 76–2229.

U. S. Court of Military Appeals.

Sept. 25, 1978.

Appearances: For Appellant—*Captain A. W. Eoff II*, JAGC, USN (argued).

For Appellee—*Captain Christopher Miller Klein*, USMC (argued); *Lieutenant Colonel P. N. Kress*, USMC (on brief); *Lieutenant Commander N. P. DeCarlo*, JAGC, USN; *Captain W. D. Blalock*, USMC (on brief).

Opinion of the Court

FLETCHER, Chief Judge:

Subsequent to his affirmed conviction[1] by special court-martial of a single specification alleging a lewd and lascivious act, we entertained appellant's petition for review on two grounds:

I

WHETHER THE MILITARY LACKED JURISDICTION OVER APPELLANT ON 23 AUGUST 1976 AND THE VACATION OF HIS SUSPENDED SENTENCE ON THAT DATE SHOULD BE DECLARED A NULLITY.

II

WHETHER THE PLEA OF GUILTY WAS IMPROVIDENT UNDER THE STANDARDS ESTABLISHED IN *UNITED STATES V. CARE*, 18 U.S.C. M.A. 535, 40 C.M.R. 247 (1969).

The appellant contends that the supervisory authority was without jurisdiction on September 29, 1976, to vacate the suspension of the bad-conduct discharge because his enlistment had expired on August 13, 1976.

We, however, agree with the suggestion of appellate government counsel that, even after the convening authority's suspension of the discharge, the appellant was obliged to await completion of appellate action, in this instance approval of the sentence by

---

1. Appellant was convicted, upon his guilty plea before military judge alone, of a violation of Article 134 Uniform Code of Military Justice, 10 U.S.C. § 934, and sentenced to a bad-conduct discharge, reduction to Private E–1, and forfeiture of $240 pay per month for 6 months.

The findings and sentence were approved by the convening authority; the supervisory authority confirmed this action but suspended the discharge for 6 months, approving the remainder. This was affirmed by the United States Navy Court of Military Review.

the supervisory authority. Paragraph 94a (3), Manual for Courts-Martial, United States, 1969 (Revised edition). Only after the supervisory authority took this action did the terms of para. 88e, Manual, *supra*, become applicable to the appellant. However, prior to this action of the supervisory authority, the period of suspension was interrupted by the commencement of proceedings to vacate the sentence. The pending vacation proceedings tolled the running of the suspension. *United States v. Rozycki*, 3 M.J. 127 (C.M.A.1977). We find this accused was subject to court-martial jurisdiction.

As the remaining issue was improvidently granted, it is hereby vacated.

The decision of the United States Navy Court of Military Review is affirmed.

Judge PERRY concurs.

COOK, Judge (concurring):

Expiration of the term of service does not end court-martial jurisdiction. Article 2(1), Uniform Code of Military Justice, 10 U.S.C. § 802(1); *United States v. Hutchins*, 4 M.J. 190 (C.M.A.1978). Here, the accused was tried and convicted before the expiration of the scheduled time of service. Jurisdiction, therefore, attached and would have continued even had he been administratively discharged. *United States v. Jackson*, 3 M.J. 153 (C.M.A.1977). The remaining aspect of accused's contention is whether vacation of the suspension was valid under the terms of the Manual for Courts-Martial, United States, 1969 (Revised edition). Paragraph 88e of the Manual provides that "no suspension may extend beyond the current enlistment or period of service." *See United States v. Andreason*, 23 U.S.C.M.A. 25, 29, 48 C.M.R. 399, 403 (1974). If the language were read literally, the suspension would have violated the provision because it was effected after the accused's current enlistment. However, as I construe it, the provision does not have that meaning. In my opinion, it includes the period of time that military jurisdiction exists by operation of law beyond that of the regularly scheduled time of expiration. As the suspension was effected within the extended period, it comported with the Manual requirement.

Regarding the providency of the accused's plea of guilty, I believe the record of trial presented a viable issue, and we properly granted review to have the benefit of briefs and argument. As elucidated by the latter, I am satisfied that the plea was provident.

For the reasons indicated, I join in affirming the decision of the United States Navy Court of Military Review.