**UNITED STATES**

v.

**Richard Daniel KEMP, 528 96 1689, Airman Apprentice (E–2) U. S. Navy.**

**NCM 78 1162.**

U. S. Navy Court of Military Review.

Sentence Adjudged 9 March 1978.

Decided 15 Jan. 1979.

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

LT Richard A. Joyce, USNR, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

GREGORY, Judge:

Pursuant to his pleas, appellant stands convicted of sixteen specifications in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, involving use, possession, transfer, and sale of marijuana. He was sentenced to a bad-conduct dis-

charge and reduction to pay grade E–1. On 31 May 1978, in consonance with a pretrial agreement, the convening authority in his action suspended the bad-conduct discharge on probation. On 16 June 1978, the proceedings of a hearing conducted pursuant to Article 72, Uniform Code of Military Justice, 10 U.S.C. § 872, in which the convening authority recommended vacation of the suspension of the bad-conduct discharge because of further marijuana offenses, were forwarded to the supervisory authority. On 3 August 1978, the supervisory authority in his action on the record of trial vacated the suspension of the bad-conduct discharge and approved the sentence adjudged at trial.

The supervisory authority in his action of 3 August 1978 did not fully comply with certain mandated requirements concerning vacation of suspended sentences. See United States v. Bingham, 3 M.J. 119 (C.M.A. 1977) and United States v. Rozycki, 3 M.J. 127 (C.M.A.1977). The supervisory authority correctly found that the hearing conducted by the officer exercising special court-martial jurisdiction fully met the requirements of Article 72, UCMJ, and paragraph 97b, Manual for Courts-Martial, United States, 1969 (Revised edition). The supervisory authority failed, however, to set forth the evidence relied upon to show misconduct during the period of suspension and to state his specific reasons for vacating the suspension.

We also note that the action of the supervisory authority in vacating the suspension of the bad-conduct discharge was contrary to the recommendation of his staff judge advocate in the post-trial review of 6 July 1978. The supervisory authority has not set forth his reasons for taking an action different from that recommended by his staff judge advocate in a letter transmitting the record of trial to the Judge Advocate General. See United States v. Keller, 1 M.J. 159 (C.M.A.1975).

The record of trial also contains, however, a "Supplemental Action," dated 10 October 1978, in which the supervisory authority explains that his action in vacating the suspension is based on certain specific evidence brought out in the vacation hearing which established continued use of marijuana by appellant during the probation period. The supervisory authority opines that appellant has not taken advantage of his "second chance" and that there is little hope appellant will ever become a productive member of the naval service.

In United States v. Harrell, 5 M.J. 604 (N.C.M.R.1978), we indicated that we would accept affidavits to determine whether there had been compliance with the requirements of United States v. Bingham and United States v. Rozycki, both supra. We view the "Supplemental Action" of the supervisory authority in this case in the same light. The "Supplemental Action" provides information as to the evidence relied upon to show misconduct by appellant during the period of suspension and states the supervisory authority's reasons for vacating the suspension. In so doing, the "Supplemental Action" also provides the supervisory authority's reasons for disagreeing with the recommendation of his staff judge advocate. We consider the requirements of Bingham, Rozycki, and Keller to have been satisfied.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge DUNBAR and Judge GLADIS concur.