UNITED STATES, Appellee,

v.

George T. HAWKINS, Fireman U.S. Navy, Appellant.

No. 37,387.
NCM 78 0899.

U. S. Court of Military Appeals.

April 27, 1981.

For Appellant: Lieutenant Earl B. Taylor, JAGC, USNR (argued); Commander Walter J. Landen, JAGC, USN.

For Appellee: Lieutenant Michael R. McGuire, JAGC, USN (argued); Commander T. C. Watson, Jr., JAGC, USN (on brief); Captain John P. Hertel, USMC.

Opinion of the Court

FLETCHER, Judge:

This Court granted appellant's initial petition for review (7 M.J. 326) on the question of compliance in his case with the law

announced by this Court in *United States v. Bingham*, 3 M.J. 119 (C.M.A.1977), and *United States v. Rozycki*, 3 M.J. 127 (C.M.A. 1977). The cited cases delineate the procedures necessary for the vacation of a suspended sentence under Article 72 of the Uniform Code of Military Justice, 10 U.S.C. § 872. They also articulate the rationale for similar civilian procedures generally set forth by the United States Supreme Court in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

A unanimous court, without oral argument, in accord with a motion to remand filed by the Government to "return . . . the record to a competent authority for a new vacation proceeding," on August 2, 1979, issued the following Order:

On consideration of appellant's Petition for Grant of Review and appellee's subsequent Motion to Remand filed in the above-entitled action, *it appears that the Government concedes that the general court-martial convening authority failed to comply in certain respects with the decisions of this Court in United States v. Bingham*, 3 M.J. 119 (C.M.A.1977), and *United States v. Rozycki*, 3 M.J. 127 (C.M. A.1977), and, accordingly, requests that the record be remanded to the intermediate appellate court for return to a competent authority for a new vacation proceeding. Accordingly, it is by the Court this date, 790802.

ORDERED:

That appellant's Petition be, and the same is, hereby granted; and

That the decision of the United States Navy Court of Military Review be, and the same is, hereby reversed. *The record is remanded to the intermediate appellate court for return to a competent authority for a new vacation proceeding under Article 72, Uniform Code of Military Justice, 10 U.S.C. sec. 872.* This order is without prejudice to appellant's future rights under Article 67, Uniform Code of Military Justice, 10 U.S.C. sec. 867.

(Emphasis added.)

Several things should be noted concerning the order; first, the Government's motion to remand, though requesting a new vacation proceeding, specifically addressed deficiencies in the action of the general court-martial convening authority; second, this Court, well cognizant of the specifics of the Government's motion, ordered "a new vacation proceeding under Article 72, Uniform Code of Military Justice, 10 U.S.C. § 872." This Article not only addresses the actions of the general court-martial convening authority, but it also dictates all the steps necessary for a vacation proceeding.[1]

■ The Government nonetheless argues that our order is unclear. We do not find it so. In any event, if the Government at the time of the issuance of our order did not understand its thrust, the Government, as the movant, should have requested clarification or modification. *See* Rule 29, Rules of Practice and Procedure, United States Court of Military Appeals. 4 M.J. CXVI.

■ The preparation of a new advice by a new staff judge advocate based on the findings made by the initial special court-martial officer and action upon that new advice by a general court-martial convening authority is not sufficient to fulfill the mandate of our order. Our order required

---

1. Articles 72(a) and (b), Uniform Code of Military Justice, 10 U.S.C. § 872(a) and (b), are as follows:

(a) Before the vacation of the suspension of a *special court-martial sentence which as* approved includes a bad-conduct discharge, or of any general court-martial sentence, the officer having special court-martial jurisdiction over the probationer shall hold a hearing on the alleged violation of probation. The probationer shall be represented at the hearing by counsel if he so desires.

(b) The record of the hearing and the recommendation of the officer having special court-martial jurisdiction shall be sent for action to the officer exercising general court-martial jurisdiction over the probationer. If he vacates the suspension, any unexecuted part of the sentence, except a dismissal, shall be executed, subject to applicable restrictions in section 871(c) of this title (article 71(c)). The vacation of the suspension of a dismissal *is not effective until approved by the Secretary concerned.*

*de novo* compliance with Article 72(a) and (b).[2] Therefore, we conclude that compliance with our order has not occurred.

One other question must be answered. The Navy Court of Military Review correctly initiated a request for briefs from counsel on the question of whether there had been compliance with our order. The Government filed a brief. Counsel for appellant declined to comply with the intermediate court's request. The lack of prudence in such inaction is now apparent. Nevertheless, we cannot fault counsel for his mistaken perception due to the permissive nature of the request by the lower court.

Nonetheless, counsel's lack of appreciation for the significance of this judicial request led the intermediate court to believe that he was waiving this question.[3]

The problem with this belief and the court's conclusion that the question was waived is that it overlooks a primary truth of the law. Only the court issuing the order can *ultimately* decide if its order has been complied with. *See* Article 67, UCMJ, 10 U.S.C. § 867; Rule 45, Rules of Practice and Procedure, United States Court of Military Appeals, 4 M.J. CXXI. Counsel on neither side can undermine the integrity of our justice system by waiving the question of compliance with a proper court order.

The decision of the United States Navy Court of Military Review is reversed; the record is returned to the Judge Advocate General of the Navy for compliance with this Court's order dated August 2, 1979.

Chief Judge EVERETT and Judge COOK concur.

---

2. *See* n. 1, *supra*.

3. *United States v. Hawkins*, NCM 78 0899 (N.C.M.R. April 30, 1980) (unpublished).