**UNITED STATES, Appellee,**

v.

**Luis A. CASTRILLON–MORENO, Specialist Four, U.S. Army, Appellant.**

No. 34,611.

CM 435777.

United States Court of Military Appeals.

Aug. 22, 1983.

For Appellant: *Captain Warren G. Foote* (argued); *Colonel William G. Eckhardt, Lieutenant Colonel R. Rex Brookshire, II, Captain David M. England* (on brief); *Colonel Edward S. Adamkewicz, Jr., Major Raymond C. Ruppert.*

For Appellee: *Captain Richard J. Fadgen* (argued); *Colonel R.R. Boller, Lieutenant Colonel John T. Edwards, Captain Michael R. Smythers* (on brief); *Colonel James Kucera, Captain Glenn D. Gillett.*

*Opinion of the Court*

PER CURIAM:

The history of this case is lengthy. It begins with appellant's trial by general court-martial in 1977 on charges of possession and attempted sale of heroin, in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934, respectively. At that time he was sentenced to a dishonorable discharge, confinement at hard labor for 1 year, total forfeitures, and reduction to the lowest enlisted grade. After approval of the trial results by the convening authority and affirmance by the United States Army Court of Military Review (3 M.J. 894 (1977)), we reversed and authorized a rehearing. 7 M.J. 414 (C.M.A.1979). On April 28, 1980, the rehearing took place on the original charges; and, again pursuant to guilty pleas, appellant was convicted. This time the adjudged sentence included only 9 months' confinement; but otherwise it was the same as at the previous trial.

The convening authority suspended the dishonorable discharge for a period of 12 months effective September 16, 1980, the date of his action. Because of new charges of possession and sale of marihuana referred against appellant, the convening authority vacated the suspension on December 16, 1980. Subsequently, on June 30, 1981, the Court of Military Review unanimously affirmed the findings and sentence as suspended, but set aside the convening authority's vacation action. On September 10, 1981, a new vacation proceeding was conducted by the special court-martial convening authority; and, on October 28, 1981, the suspension of the punitive discharge was again vacated by the officer exercising general court-martial jurisdiction.

At the second vacation proceeding, appellant contended that the proceeding was a nullity because the period of suspension of the discharge had already expired. Before the Court of Military Review and in his petition for review in this Court, he makes the same claim. His initial premise is that, pursuant to a pretrial agreement which preceded his second trial and which induced the pleas of guilty, the convening authority was obligated to have the suspension of the discharge begin upon acceptance of the pleas by the military judge in April 1980, rather than at the time of the convening authority's action on September 16, 1980. Thus, the period of suspension would have started to run almost five months earlier. Furthermore, appellant assumes that the first vacation proceeding in 1980 should be disregarded and that, for purposes of compliance with the period of suspension, the only relevant vacation proceeding is the one which took place on September 10, 1981.

With respect to the commencement date for the period of suspension, we observe that the pretrial agreement was initiated by appellant's Offer to Plead Guilty, under which the convening authority was obligated to suspend the discharge "upon his final action." Moreover, the usual practice seems to be to have a period of suspension commence with the action of the convening authority. However, the pretrial agreement in this case is somewhat ambiguous because it provides "[t]hat upon entry and acceptance of a plea of guilty to the charges and specifications ... the Convening Authority will suspend a punitive discharge if adjudged." This language might be read to mean that the suspension commences upon the entry and acceptance of a plea. Moreover, the military judge did not resolve the ambiguity when, after imposing sentence, he reviewed the terms of the pretrial agreement with appellant and counsel. At the time of the convening authority's original action the trial defense counsel apparently did not complain about the commencement date of the period of suspension.

In view of all the circumstances, we would be inclined to construe the pretrial agreement as the convening authority did, although we recognize that the language employed in this instance is somewhat unclear and should have been clarified. However, we do not resolve this issue of the meaning of the agreement, since we have concluded that the commencement of the first vacation proceeding in 1980—well within the 1-year period, even if computed from acceptance of the plea in April 1980—tolled the further running of the period of suspension. In this regard we adopt the rationale of Judge Mitchell's memorandum opinion in the Court of Military Review:

In this question of first instance, we hold that where a convening authority's action is set aside for any irregularity with provision for further vacation proceedings, the time between the initial action of vacation and the retransmittal of the record will be deducted in computing whether the period of suspension has expired. This holding is consistent with Article 71(c), UCMJ, which provides that a sentence to a punitive discharge may not be executed until completion of appellate review. *Cf. United States v. Pells,* 5 M.J. 380 (CMA 1978). The holding is also consistent with the decision of the U.S. Court of Military Appeals in *United States v. Rozycki,* 3 M.J. 127 (CMA 1977). In *Rozycki* the court held that the period of suspension, which would otherwise have expired, was interrupted by the vacation proceedings in that case. The court nevertheless reversed because the convening authority who took the action vacating the suspension failed to make a written statement detailing the evidence relied on and the reasons for vacating the suspension. *Rozycki, id.* at 129. The court did not indicate when the suspension period would commence to run again. Further, its decretal language, which provided that the record might be returned to a competent authority to determine whether a new vacation proceeding was practicable, suggests, as we hold herein, that the time between the initial action of vacation and retransmittal of the record to the same or a different convening authority is deduct-

ed in computations to determine whether the period of suspension has expired.

Two notes of caution are in order. First, the convening authority taking action after appellate review must act within a reasonable time upon retransmittal of the record and after receiving notice that the prior action vacating the suspension was set aside. *United States v. Rozycki, supra* at 129. Second, if the period of suspension has otherwise run, the new vacation proceedings must concern themselves only with the alleged misconduct which was the subject of the earlier proceeding.

Unpublished opinion at 2–3.

Accordingly, the decision of the United States Army Court of Military Review is affirmed.