**UNITED STATES**

v.

**Jeffery T. IRONS, 036 52 3841, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 91 0793.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 21 Sept. 1990.

Decided 17 Jan. 1992.

---

* Senior Judge MITCHELL concurred prior to his transfer from the Court and retirement from active duty.

LCDR Richard D. Zeigler, JAGC, USNR, Appellate Defense Counsel.

Maj F.F. Krider, USMCR, Appellate Government Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before JONES, Senior Judge, and REED and LAWRENCE, JJ.

REED, Judge:

We have examined the record of trial, the assignments of error,[1] and the Government's reply thereto.

1. I. THE MILITARY JUDGE ERRED BY FAILING TO REQUIRE THE USE OF A CLEANSED CHARGE SHEET WHERE THE CHARGE SHEET BEFORE THE MEMBERS SET FORTH UNRENUMBERED SPECIFICATIONS WHICH CONTAINED LANGUAGE OF THE GREATER OFFENSE, TO WHICH APPELLANT HAD PLED NOT GUILTY.

II. APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE TRIAL DEFENSE COUNSEL FAILED TO EXCEPT FROM THE SPECIFICATIONS LANGUAGE OF THE GREATER OFFENSE AND FAILED TO REQUEST THAT THE CHARGE SHEET BEFORE THE MEMBERS BE CLEANSED OF THIS LANGUAGE. [FOOTNOTE OMITTED]

III. THE CONVENING AUTHORITY ERRED BY APPROVING A SENTENCE WHICH INCLUDES A BAD–CONDUCT DISCHARGE AND OTHER PUNISHMENT EXCEEDING THAT WHICH COULD BE ADJUDGED BY A GENERAL COURT–MARTIAL WHERE THE RECORD OF TRIAL IS NOT COMPLETE.

IV. THE MILITARY JUDGE ERRED BY NOT INSTRUCTING THE MEMBERS, *SUA SPONTE*, REGARDING THE PROCEDURE BY WHICH THEY COULD RECOMMEND CLEMENCY.

V. THE PRESIDENT OF THE COURT–MARTIAL EXERCISED UNLAWFUL INFLUENCE OVER THE PROCEEDINGS WHERE, HAVING BEEN REQUESTED BY JUNIOR MEMBERS TO OBTAIN FROM THE MILITARY JUDGE AN INSTRUCTION ON HOW TO RECOMMEND A SUSPENDED SENTENCE, HE ELECTED TO FOREGO THE INSTRUCTION BECAUSE SUCH WOULD HAVE REQUIRED REOPENING THE COURT–MARTIAL.

VI. THE MILITARY JUDGE ERRED BY PERMITTING TRIAL COUNSEL TO ARGUE TO THE MEMBERS THE MARINE CORPS POLICY WITH RESPECT TO "BAD CHECKS."

Appellant was charged at a general court-martial with 86 specifications of wrongfully and unlawfully making and uttering checks with the intent to defraud and for the procurement of lawful currency or items of value, violations of Article 123a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 923a. He pled not guilty and was found not guilty to the first 14 specifications alleged under this Article 123a charge. To the remainder of the specifications (15–86) he pled not guilty to an Article 123a violation but guilty to the lesser included offense of the dishonorable failure to maintain funds in his account, a violation of Article 134, UCMJ, 10 U.S.C. § 934.

■ In assignment of error VIII appellant alleges that the military judge should not have accepted appellant's guilty pleas to the bad check offenses pled under Article 134, UCMJ (specifications 15–86), since the judge failed to establish that the appellant's creditors were not satisfied with appellant's conduct with respect to repayment. We disagree. Paragraph 71, Part IV, Manual for Courts–Martial, United States, 1984, provides that "[t]he length of the period of nonpayment ... may tend to prove the accused's conduct was dishonorable...." Prosecution Exhibit 1 and the appellant's replies during providency indicate that appellant wrote 72 bad checks from 31 December 1990 to 7 February 1991. A checkage to pay the Government back for the dishonored checks did not start until April even though appellant knew such checks were returned dishonored much sooner. Also during the providence inquiry, appellant admitted that his actions in regards to the checks he had written and uttered were dishonorable, this occurring *after* the military judge had carefully explained the definition of dishonorable failure to him.

■ Before this court will find a providence inquiry inadequate, the record must contain some *reasonable* ground for finding an inconsistency between the plea and the accused's statement; reversal will not follow from the mere possibility of a conflict. *United States v. Logan,* 22 U.S.C.M.A. 349, 351, 47 C.M.R. 1, 3 (1973); *United States v. Logan,* 31 M.J. 910, 913 (A.F.C.M.R.1990); *United States v. Tichy,* 50 C.M.R. 526, 529 (N.C.M.R.1975). In short, a provident plea is one which is entered knowingly, intelligently and consciously and which is factually accurate and legally consistent. Such a plea was entered here. Accordingly, we conclude that the findings are correct in law and fact.

The other assignment of errors are mooted by our handling of appellant's first assignment of error.

■ Appellant claims the military judge erred by failing to require the use of a cleansed charge sheet where the charge sheet before the members set forth unrenumbered specifications which contained language of the greater offense (Article 123a) to which appellant had pled not guilty. We agree. The procedure utilized by the military judge not only alerted the court members to the greater offense to which the appellant had pled not guilty and on which the Government did not intend to proceed, but also alerted the court members that there were fourteen specifications that had disappeared from the charge sheet with no explanation. The military judge indicated that he would "explain to them [court members] about ignoring the apparent abnormality in the numbers" but failed to do so.

VII. TRIAL COUNSEL'S ARGUMENT ON SENTENCE WAS IMPROPER WHERE HE URGED A SENTENCE WHICH INCLUDED CONFINEMENT OF 20–24 MONTHS IN SPITE OF HIS CONVICTION THAT A JUST PUNISHMENT WOULD INCLUDE SUSPENSION OF ALL CONFINEMENT EXCEEDING SIX MONTHS AND SUSPENSION OF THE BAD–CONDUCT DISCHARGE.
VIII. THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S PLEAS OF GUILTY TO BAD CHECK OFFENSES WHERE HE FAILED TO ESTABLISH THAT APPELLANT'S CREDITORS WERE NOT SATISFIED WITH APPELLANT'S CONDUCT WITH RESPECT TO REPAYMENT.
IX. THE CONVENING AUTHORITY ERRED IN APPROVING A SENTENCE WHICH INCLUDED A BAD–CONDUCT DISCHARGE AND CONFINEMENT EXCEEDING SIX MONTHS.

Government appellate counsel argues that any error was waived by the trial defense counsel who did not oppose this procedure and may have endorsed it. Again, we disagree. In *United States v. Schiller*, 8 M.J. 552 (N.C.M.R.1979) this court was confronted with a situation very similar to the one now before us. In *Schiller* the accused was charged with a violation of Article 85, UCMJ, 10 U.S.C. § 885, desertion, but pled and was found guilty of a violation of Article 86, UCMJ, 10 U.S.C. § 886, unauthorized absence.

Thus, while both trial counsel and the military judge brought to the members' attention the fact of appellant's guilt respecting an unauthorized absence offense, the members, while hearing the evidence and deliberating and deciding upon an appropriate sentence for appellant, had in front of them indicia of a much more serious offense. This was clearly error. *United States v. Dy*, 46 C.M.R. 521 (N.C.M.R.1972). Under the circumstances, we are not prepared to say that trial defense counsel waived the error by failing to object. *See United States v. Heflin*, 1 M.J. 131, 133 n. 8 (C.M.A.1975).

*Schiller*, 554. We agree.

The error of the greater offense presented to the members in the current case through an unrenumbered charge sheet is compounded by the use the military judge made of it. One of the members, Lieutenant Darby, knew appellant. The following colloquy took place between the military judge and Lieutenant Darby before Lieutenant Darby was finally selected as a court member.

MJ: Lieutenant, you indicated that you had known PFC Irons earlier, that he had come into your space or something.

MEM (Lt Darby): Yes, sir. . . .

MJ: And did you know about these offenses at the time?

MEM (Lt Darby): Yes, sir. I found out about them possibly two and a half weeks ago. I heard about him.

MJ: Did you know about any details, the numbers of checks, who they were written to or anything like that?

MEM (Lt Darby): All I knew was that it was a relative amount of about $7,000. That is all I heard.

MJ: What you have seen on the charge sheet, is that consistent basically with what you heard?

. . . .

MEM (Lt Darby): No. All I knew was the amount, so when I saw the checks here that was pretty much an affirmation of my previous knowledge.

MJ: So you haven't heard anything beyond what is on the charge sheet; is that what you are saying?

MEM (Lt Darby): Yes, sir.

No further inquiry was made of Lieutenant Darby and he was accepted as a court member. We note the charge sheet to which the military judge referred in this colloquy with Lieutenant Darby included the greater offense of Article 123a, UCMJ, to which the appellant had pled not guilty. No discussion took place between the military judge and Lieutenant Darby on whether his prior knowledge, now reflected in the charge sheet as his answers above showed, consisted of matters about the greater offense of Article 123a. We cannot say with certainty that no error in the sentencing portion of the trial has occurred. *See* Article 66(c), UCMJ, 10 U.S.C. § 866(c).

Nor can we reliably determine what sentence would have been imposed at trial if the error had not occurred. *See United States v. Peoples*, 29 M.J. 426 (C.M.A.1990), *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Senior Judge JONES and Judge LAWRENCE concur.