**UNITED STATES, Appellant,**

v.

**Charles G. ELMORE, Private, U. S. Army, Appellee.**

**No. 30,921.**

U. S. Court of Military Appeals.

Jan. 16, 1976.

*Captain John F. Depue* and *Captain Richard A. Kirby* argued the cause for Appellant, United States. With them on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr.,* and *Captain Jonathan D. Glidden.*

*Captain John Richards Lee* argued the cause for Appellee, Accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel James Kucera, Captain John C. Carr,* and *Captain Ronald Lewis Gallant.*

## OPINION

COOK, Judge:

Pursuant to a pretrial agreement with the convening authority, the accused pleaded guilty to, and was convicted of, aggravated assault in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. Upon review, the U.S. Army Court of Military Review set aside the findings and sentence on the ground the agreement was contrary to public policy because it contained a self-canceling provision that became operative if the accused failed to enter a plea of guilty "prior to presentation of evidence on the merits." Under the authority granted by Article 67(b)(2), UCMJ, 10 U.S.C. § 867(b)(2), the Acting Judge Advocate General of the Army has certified for review the following question:

> WAS THE U.S. ARMY COURT OF MILITARY REVIEW CORRECT IN SETTING ASIDE THE FINDINGS OF GUILTY AND THE SENTENCE ON THE BASIS THAT THE PRETRIAL AGREEMENT WHICH PROVIDED THAT THE AGREEMENT WOULD TERMINATE UPON THE ACCUSED'S "FAILURE TO ENTER A PLEA OF GUILTY PRIOR TO PRESENTATION OF EVIDENCE ON THE MERITS" WAS NULL AND VOID?

During the last term of Court, we had occasion to declare null and void a pretrial agreement containing provisions that required the entry of a plea of guilty " 'prior to presentation of any evidence on the merits and/or presentation of motions going to matters other than jurisdiction.' " *United States v. Holland,* 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975). Relying upon the principle that "extrajudicial infringement or interference with the trial and its procedures is forbidden," we determined that the agreement's "limitation on the timing of certain motions controlled the proceedings." 23 U.S.C.M.A. at 443–44, 50 C.M.R. at 462–63, 1 M.J. at 59–60. We, therefore, struck down the agreement as being against public policy, and set aside the findings of guilty and the sentence.

While the challenged provision was included in the *Holland* agreement, we focused our attention only on the strictures relating to motions and did not consider the clause that provided for a plea before evidence on the merits. This failure in our discussion to separate the two provisions was unfortunate and left a reasonable basis for the belief that each clause independently had been condemned. Additionally, the nascent problem was compounded as *United States v. Kapp,*[1] one of the cases decided concurrently with *Holland,* contained only the instant provision. Although there were circumstances to which we will advert later, that brought the *Kapp* case within the scope of *Holland,* regrettably they were not spelled out clearly, either in our opinion or in the disposition order in *Kapp.*

The limitation in the provision prohibiting the presentation of evidence on the merits before plea does not contain the vice inherent in the provision we condemned in *Holland.* The right to make motions comes

---

1. 23 U.S.C.M.A. 442 n., 50 C.M.R. 461 n., 1 M.J. 58 (1975).

before plea; evidence on the merits comes after. Article 39(a), UCMJ, 10 U.S.C. § 839(a); Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 53d (1). Literally, therefore, the challenged provision imposes no condition upon an accused in the exercise of his rights, but expresses a truism as to the normal sequence of events at trial. It represents no "orchestrating" of the trial or its procedures and restrains no one to a particular course of conduct different from the usual procedure.

There may be particular circumstances where the parties to the agreement understand it as intending more than the words convey. For example, they may have a "gentlemen's agreement" as to a hidden intention that goes beyond the terms of the provision. United States v. Troglin, 21 U.S. C.M.A. 183, 44 C.M.R. 237 (1972). We would not hesitate to strike down such an arrangement, if the undisclosed meaning violated public policy. Even more to the point was the situation in Kapp, previously mentioned. There, the record showed affirmatively that defense counsel perceived he was restrained from moving to suppress evidence on the ground of an illegal search. Defense counsel's innocent conclusion that this sort of provision precluded him from interposing an appropriate motion before the plea required that we apply Holland.

In this case, defense counsel was asked if he had any motions, and he responded that he had none. Nothing in the record indicates, nor does the accused suggest, that counsel declined the opportunity to make motions because he regarded the agreement, or any of its provisions, as prohibiting such action. From this record, therefore, the only reasonable conclusion we can draw is that defense counsel understood the provision according to its literal terms, and that it had no undisclosed meaning to him. Inasmuch as the provision imposes no unlawful restrictions, it cannot be regarded as contrary to public policy.

We answer the certified issue in the negative, and reverse the decision of the Court of Military Review. The record is returned to the Judge Advocate General of the Army for resubmission to the court for further proceedings consistent with this opinion.

FLETCHER, Chief Judge (concurring in the result):

The ambiguity and apparent hidden meanings which lurk within various pretrial agreement provisions such as the one presently before us as well as those in Holland [1] and Kapp [2] lead me to conclude that henceforth, as part of the Care [3] inquiry, the trial judge must shoulder the primary responsibility for assuring on the record that an accused understands the meaning and effect of each condition as well as the sentence limitations imposed by any existing pretrial agreement. Where the plea bargain encompasses conditions which the trial judge believes violate either appellate case law, public policy, or the trial judge's own notions of fundamental fairness, he should, on his own motion, strike such provisions from the agreement with the consent of the parties.

In addition to his inquiry with the accused, the trial judge should secure from counsel for the accused as well as the prosecutor their assurance that the written agreement encompasses all of the understandings of the parties and that the judge's interpretation of the agreement comports with their understanding of the meaning and effect of the plea bargain. For Care inquiries conducted after the date of this opinion, I will view a failure to conduct a plea bargain inquiry as a matter affecting the providence of the accused's plea.

FERGUSON, Senior Judge (dissenting):

On the basis of the renewed effort by the military to exact from an accused an agree-

---

1. United States v. Holland, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975).

2. United States v. Kapp, 23 U.S.C.M.A. 442 n., 50 C.M.R. 461, n., 1 M.J. 58n (1975).

3. United States v. Care, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

 

ment effecting restrictive orchestration of the exercise of trial rights and procedures, as evidenced in *United States v. Holland,* 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975), and the case at bar, I am more convinced than ever that: [1]

> [P]retrial agreements are properly limited to the exchange of a plea of guilty for approval of a stated maximum sentence.

It may well be, as Judge Cook opines, though I am not so assured, that a legal technician might conclude that the condition herein of concern "imposes no condition upon an accused in the exercise of his rights, but expresses a truism as to the normal sequence of events at trial." At least, it may well be that we would so hold in the possible future event that a party at the trial level might attempt to use it otherwise. However, if that is in fact the case, I am more than a little perplexed as to why many convening authorities Army-wide find it necessary to include this maligned condition in all pretrial agreements accepted. To the extent that it could be construed to affect the *Care*[2] inquiry or the hearing of evidence in support of a motion made at an Article 39(a) session prior to entry of a plea, it quite clearly not only would impinge upon certain fundamental rights of the accused, but also would interfere with the control over the trial proceedings by the military judge—neither of which is permissible. *United States v. Holland, supra.*

Why the military perpetuates its sequential forays into control of the trial proceedings via pretrial agreements is beyond my understanding, but I, for one, refuse to condone nonjudicial restriction of the due course of judicial process. Pretrial agreements have been employed in the military since 1953 and this Court has permitted their use, though not without certain reservations.[3] However, in my opinion, inclusion in the agreement of any conditions other than those addressing the nature of the

plea and the limitation on maximum sentence poses an intolerable risk of jading military justice. Therefore, I respectfully dissent.

**UNITED STATES, Appellee,**

---

1. *United States v. Cummings,* 17 U.S.C.M.A. 376, 380, 38 C.M.R. 174, 178 (1968).

2. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

3. See *United States v. Welker,* 8 U.S.C.M.A. 647, 25 C.M.R. 151 (1958); *United States v. Allen,* 8 U.S.C.M.A. 504, 25 C.M.R. 8 (1957).