**UNITED STATES**

v.

**Williard L. BRANDT, 478 66 7439, Staff Sergeant E–6, U. S. Marine Corps.**

**NCM 76 1731.**

U. S. Navy Court of Military Review.

28 July 1977.

CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

LCDR N. P. DeCarlo, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and DUNBAR and BAUM, JJ.

## ON RECONSIDERATION

CEDARBURG, Chief Judge:

Appellant, pursuant to his pleas of guilty, was convicted of attempting to sell 433 grams of hash oil, a marijuana derivative, and wrongful possession of hash oil in violation of Articles 80 and 134 UCMJ, 10 U.S.C. §§ 880, 934, respectively. The two offenses were considered multiplicious, but the maximum confinement at hard labor, in addition to ancillary penalties, considered both in the providency inquiry and on sentencing, was 5 years, the penalty authorized for a drug offense charged under Article 134, UCMJ. In our decision in *United States v. Brandt*, No. 76 1731, 3 M.J. 959 (N.C. M.R. 5 April 1977), relying upon the holding of *United States v. Courtney*, 1 M.J. 438 (1976), we held that an equal protection infirmity resulted from the Article 134, UCMJ charging. Consequently, a substantial disparity arose between the sentence maximum considered by all parties in the providency inquiry and the sentence of 2 years confinement which was actually authorized, if charged under Article 92, UCMJ, 10 U.S.C. § 892. We held the misunderstanding rendered appellant's pleas improvident on the basis of *United States v. Harden*, 1 M.J. 258 (1976). The findings and sentence were set aside and a rehearing authorized.

The Government petitioned for reconsideration of our decision on 1 June 1977, citing the United States Court of Military Appeals decision in *United States v. Jackson*, 3 M.J. 101 (C.M.A. 1977) which held that *United States v. Courtney, supra,* was not applicable to those cases tried before the date of that decision, 2 July 1976. Appellant opposed the Government petition as not being timely filed in accordance with the *Courts of Military Review Rules of Practice and Procedure*.

The Court ascertained that formal service on appellant of the above-styled decision was not effected until 10 May 1977 and that a petition for grant of review or certificate for review had not been filed with the United States Court of Military Appeals, pursuant to Article 67(b), UCMJ, 10 U.S.C. § 867(b). Although the usual time for filing a motion for reconsideration by appellate counsel under Rule 19b of the *Courts of Military Review Rules of Practice and Procedure* had expired, in our discretion, in the

interest of a full and fair consideration of this case, and consistent with Rule 22 and Rule 19d, the time limitation for filing a request for reconsideration was extended, to the time permitted after service for filing a petition for a grant of review or certificate for review with the United States Court of Military Appeals. Furthermore, in our discretion and on our own initiative, we considered that, in accordance with Rule 19a, without necessitating an extension of the prescribed time limitation, reconsideration of our decision in this case was appropriate in light of the holding in *United States v. Jackson, supra.* The Government's petition for reconsideration was granted and briefs were directed on the following issue.

> Whether this Court is empowered after issuance, to withdraw its prior decision reversing appellant's conviction and to substitute a decision affirming the findings and sentence in whole or in part?

In response to the order directing briefs on the above issue, the Government has cited *United States v. Sparks,* 5 U.S.C.M.A. 453, 18 C.M.R. 77 (1955) as supporting our jurisdiction to consider the petition for reconsideration. *Sparks,* holds that Boards of Review (predecessors to Courts of Military Review) retain jurisdiction to reconsider their decisions, provided the exercise thereof has not been pretermitted by the accused petitioning to the United States Court of Military Appeals for review, or by the Judge Advocate General certifying an issue to that Court or by the passage of 30 days after the accused is notified of the decision.

Appellant has submitted an affidavit that he was notified of this Court's prior decision on 8 April 1977. Appellant's counsel argues, citing *United States v. Larneard,* 3 M.J. 76 (C.M.A. 1977), that the notification provided for in Article 67(c), UCMJ is actual notice to the accused. Neither in appellant's affidavit nor his brief is there any explanation of the manner in which "notification" was made. "Notification", "notice", and "service" are used frequently and interchangeably in describing the datum from which the 30 day period for initiating a petition is measured. A formal and official method of service from which time periods can be measured is essential to insure that the opportunity to exercise so important a right has been fully accorded an accused since it constitutes not only a condition precedent to appeal but also a limitation upon that right. *See generally, United States v. Larneard, supra.*

Appellant's contention that this Court has been divested of jurisdiction to reconsider our decision is not borne out by the circumstances of this case. Pursuant to Rule 22 of the *Courts of Military Review Rules and Practice and Procedure,* reconsideration is authorized by a discretionary extension of the Rule 19 time limitations, since our jurisdiction has not been pretermitted by a filing with the Court of Military Appeals of a certification by the Judge Advocate General, or by a petition by the accused for review or by the attachment of finality. Appellant, by receipt dated 10 May 1977, acknowledged advice regarding his right to petition the Court of Military Appeals and accepted a copy of the decision in this case dated 5 April 1977.[1]

---

1. Rule 19, *Courts of Military Review Rules of Practice and Procedure* dated 1 August 1969 attempts to address the specific circumstances and time frames in which this Court can, in its discretion, reconsider its decision in any case. It is an apparent codification of the holding in *United States v. Sparks, supra,* which had relied upon the inherent power of an appellate court to reconsider its own decisions in the absence of express provisions in the then existing rules governing proceedings before boards of review. Rather than specifying a time period after rendition of a decision during which reconsideration could be ordered, Rule 19 ties the divestiture of the reconsideration authority

to occurrences which would pretermit this Court's jurisdiction. Significantly, the ultimate terminus for reconsideration is either the filing with the Court of Military Appeals of a petition for review or a certification by the Judge Advocate General or the attachment of finality through expiration of the time for appeal. A very considerable and variable period in which reconsideration can be entertained in the discretion of the Court is thus allowed under the present Rules. Appellant here acknowledged actual notice of the decision in this case accomplished by mail delivery, although neither paragraph 100 MCM, 1969 (Rev.) nor JAG Manual Sec. 0133 appear to have required service of

Appellant further contends that the decision of the United States Court of Military Appeals in *United States v. Jackson, supra,* is not applicable to the present case. We disagree. The original decision of this Court determining that appellant's pleas were improvident resulted from our incorrect reading concerning the effect of the Court of Military Appeals decision in *United States v. Courtney, supra.* In *Jackson*[2], The Court of Military Appeals clarified that *Courtney* was not to be given retroactive effect, as we had mistakenly supposed in our original decision in this case, but was to apply only to cases tried after 2 July 1976, the date of the *Courtney* opinion. The instant case was tried 11 March 1976.

We conclude that, upon reconsideration, this Court is empowered to withdraw its prior decision reversing appellant's conviction and to substitute an affirmance of the findings and sentence. The United States Court of Military Appeals, upon Government petitions for reconsideration, has affirmed decisions of lower appellate courts after earlier reversing them. *United States v. Adams,* 19 U.S.C.M.A. 262, 41 C.M.R. 262 (1970); *United States v. Wysingle,* 19 U.S.C.M.A. 263, 41 C.M.R. 263 (1970). The Court of Military Appeals did so when their attention was invited to a United States Supreme Court decision which had supervened and distinguished the Supreme Court decision that the Court of Military Appeals had erroneously interpreted and applied in directing reversal in their original decision. The present case is directly analogous.

Contrary to appellant's final contention, further trial proceedings are not required, regardless of our holding in respect to reconsideration. The remaining assignments are without merit and further discussion is not warranted.

the decision. Rule 18 provides that notice of the decisions of this Court shall be accomplished as prescribed in paragraph 100, *supra.* Paragraph 100, MCM *supra,* and JAG Manual Sec. 0133 in implementation thereof provides specifically for formal service of a decision of this Court upon an accused only when the decision affirms the sentence in whole or in part or when it is certified by the Judge Advocate General to the Court of Military Appeals with respect to a matter of law.

Upon reconsideration, we hold that appellant's guilty pleas were provident. The findings and sentence as approved on review below are affirmed.

Senior Judge DUNBAR and Judge BAUM concur.

2. Appellant, in his brief, asserts that this Court should decline, to reconsider our original decision, as a matter of comity and common sense, noting that a petition for reconsideration had been filed in the *Jackson* case 23 May 1977. Subsequent to the submission of his brief, the petition for reconsideration was denied by the Court of Military Appeals on 24 June 1977.