UNITED STATES

v.

Gregory A. KRAFFA, 379 68 9293, Lance
Corporal (E–3), U. S. Marine Corps.

NCM 79 0554.

U. S. Navy Court of Military Review.

Sentence Adjudged 8 Jan. 1979.

Decided 9 April 1980.

CAPT E. A. Burnette, USMC, Appellate
Defense Counsel.

LT William C. Martucci, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and PRICE and EDWARDS, JJ.

EDWARDS, Judge:

█ Appellant was tried by general court-martial for six violations of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892, concerning the wrongful sale, possession and transfer of cocaine and marijuana, and one violation of Article 86, UCMJ, 10 U.S.C. § 886, for unauthorized absence. Upon his plea of guilty appellant was found guilty by a military judge sitting alone and sentenced on 8 January 1979 to be confined at hard labor for 18 months, to forfeit $200 per month for 18 months, to be reduced to pay grade E–1, and to be discharged from the Marine Corps with a bad-conduct discharge. The convening authority approved the sentence as adjudged but deferred all confinement past 3 July 1979 pursuant to a pretrial agreement. This action was later amended to reflect deferment of confinement on and after 8 June 1979. Appellant assigns as error:

THE MILITARY JUDGE FAILED TO CONDUCT A PROPER INQUIRY INTO THE PRETRIAL AGREEMENT.

We agree.

Appellant urges upon us that the inquiry was inadequate as a matter of law in that the military judge failed to follow the guidelines for a proper inquiry which had their beginning in *United States v. Elmore*, 1 M.J. 262 (C.M.A.1976), and which were detailed in *United States v. Williamson*, 4 M.J. 708 (N.C.M.R.1977).

An examination of the record shows that the military judge ascertained that appellant had gone over the agreement with his counsel; that appellant had no questions about the agreement; that both trial counsel and defense counsel agreed that the written agreement encompassed all the understandings between the parties; and that appellant stated he understood the post-trial misconduct provision. The military judge then informed appellant that for sound reason he could withdraw his plea at any time up to announcement of sentence.

After announcing sentence the military judge went over the five parts of the "Maximum Sentence to be approved by the Convening Authority" portion of the pretrial agreement explaining the force and effect of the pretrial agreement on each portion of the sentence he had awarded (that is, bad-conduct discharge, confinement, forfeitures, and reduction) and discussed briefly the fifth portion set out as follows:

5. OTHER: Upon the accused's request, the convening authority agrees to defer all confinement in excess of six months.

To approve the accused's request for appellate leave upon his release from the place of post-trial custody.

It is noted that the military judge did not discuss with appellant the provision which recited that the offer and agreement could not be used against him in the determination of his guilt, nor did the judge go over the "null and void" provisions of the pretrial agreement. If these were the only deficiencies in the inquiry they may not have been fatal. *See United States v. Victorino*, No. 78 0111 (NCMR 16 March 1978); *United States v. Martinson*, No. 77 1814 (NCMR 30 December 1977). However, our review discloses a more serious shortcoming.

█ In discussing a pretrial agreement at trial or in testing the adequacy of that discussion, we must be ever mindful that it is the trial judge's responsibility for assuring that an accused understands the meaning and effect of each condition of an agreement as well as the sentence limitations. *United States v. Green*, 1 M.J. 453 (C.M.A.1976); *United States v. Elmore, supra*. To that end this Court in *United States v. Williamson, supra*, set forth in detail a procedure which should be followed in order to minimize reversals for failure to comply with the mandates of *Green*. Rote compliance with these seven procedures, however, is of no value if the underlying responsibility of the judge to assure that the accused understands the meaning and effect of the agreement is not carried out.

The judge must enter into a meaningful dialogue with the accused, explaining the effect of existing law on the terms and conditions of the agreement, and establishing on the record a complete understanding between all parties to the trial, including the military judge, as to the meaning and effect of these terms and conditions.

We have reviewed the record in the instant case as to the fifth portion of the maximum sentence provision to see if there was such an understanding. The colloquy follows:

MJ: Now, under five other. Upon the accused's request the Convening Authority agrees to defer all confinement in excess of six months. Now, that means that after service of six months confinement at hard labor, the convening authority agrees to defer the rest of the confinement that is, not to suspend it, that is not to remit it, but to defer it. Do you understand what deferment of confinement means?

ACC: No, sir, I do not. I understand, sir.

MJ: You do understand what deferment of confinement is. Okay and a final provision to approve the accused's request for appellate leave and to place the accused upon appellate leave upon his release from the place of post-trial custody. That indicates to me that after you served your six months of confinement, the accused [sic] will defer all remaining confinement at hard labor, and should a request for appellate leave be forthcoming, the accused, the Convening Authority agrees to place you upon what is called appellate leave and send you home awaiting appellate review of the case. Do you understand?

ACC: Yes, sir.

MJ: Is my interpretation consistent with yours, Captain Brewer?

TC: It is, Your Honor

MJ: Capt Manguson?

DC: It is, Your Honor

MJ: And you, Lance Corporal Kraffa?

ACC: Yes, sir, it is.

(R. 36, 37).

Deferment of service of sentence to confinement is provided for by Article 57(d),

UCMJ, and implemented by paragraph 88f, *Manual for Courts-Martial, 1969 (Rev.)*; it is the postponement of the running of the sentence. It is a discretionary matter of the officer empowered to defer and, under the terms of the Code and the *Manual*, the deferment would terminate and the sentence in this case would resume to run when the sentence is approved and ordered executed. The convening authority's action in this case states:

The sentence to confinement at hard labor and application of forfeitures will be deferred upon commencement of excess leave on 3 July 1979 until completion of appellate leave unless sooner rescinded. [Later amended to commence deferment on 8 June 1979].

We will not speculate what the answer of the accused and his counsel might have been if the military judge had asked him such questions as, "Now you understand that upon completion of appellate review, and if your case is found correct in fact and law and approved, the remaining sentence to confinement at hard labor can be ordered into execution, that is, you will go back to the brig?" or "Upon completion of appellate review, and if your sentence is thereby approved, the convening authority has several choices which are not specifically set out in this agreement, but are available to him by option of law, that is, to remit the unserved portion of the confinement, suspend it, or send you back to the brig for any unserved portion of confinement?"

■ Suffice it to say that there is not a sufficient record here upon which this court can determine that appellant's guilty pleas were voluntarily and providently made. Literally explained, appellant in this pre-trial agreement agreed to plead guilty if the convening authority would forebear from approving a dishonorable discharge and permit the appellant to have an interruption in his service of sentence to confinement at hard labor after he had served an initial six months. We can not determine from the record whether the latter provi-

**646**

sion was contemplated by the parties. The key to an adequate record is not whether there is a mechanistic application and ritualistic incantation of espoused guidelines, but whether the record establishes a complete understanding of all parties to the trial as to the meaning and effect of the terms and conditions of the pretrial agreement so that it can be determined that there was a voluntary and provident plea of guilty. As to certain matters the inquiry can be simple, as to others it requires more detail. The responsibility of conducting a simple or detailed inquiry to assure the record reflects the complete understanding of the parties is on the trial judge. Here, that responsibility made it essential that the judge explain the meaning of deferment and how it differs from suspension and remission, particularly when the appellant's initial response was that he did not understand the term. The judge's failure in this regard prevents us from finding a provident plea.

Accordingly, the findings of guilty are set aside. A rehearing is authorized.

Senior Judge BAUM and Judge PRICE concur.