## UNITED STATES

v.

**Marion L. WARING, Jr., 551 02 6642, Lance Corporal (E-3), U. S. Marine Corps.**

**NCM 80 0738.**

U. S. Navy Court of Military Review.

Sentence Adjudged 12 Dec. 1979.

Decided 23 Oct. 1980.

LT Earl B. Taylor, JAGC, USNR, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before GREGORY, DONOVAN and GLADIS, JJ.

GLADIS, Judge:

Relying on *United States v. Williamson*, 4 M.J. 708 (N.C.M.R.1977), *pet. denied* 5 M.J. 219 (C.M.A.1978), the accused contends on appeal that the military judge's plea providence inquiry was deficient because he did not make a statement on the record that he considered all the provisions of the plea bargain to be in accord with appellate case

law, not against public policy, and not contrary to his own notions of fundamental fairness. We find no merit in his contention because the decisions of the Court of Military Appeals do not require such a statement and *Williamson, supra,* does not make its omission reversible error.

■ In *United States v. Green,* 1 M.J. 453, 456 (C.M.A.1976), the Court of Military Appeals adopted the following guidelines from Chief Judge Fletcher's concurring opinion in *United States v. Elmore,* 1 M.J. 262, 264 (C.M.A.1976), to insure that the propriety and meaning of the various plea bargain proceedings would be satisfactorily set forth on the record:

> [T]he trial judge must shoulder the primary responsibility for assuring on the record that an accused understands the meaning and effect of *each* condition as well as the sentence limitations imposed by any existing pretrial agreement. Where the plea bargain encompasses conditions which the trial judge believes violate either appellate case law, public policy, or the trial judge's own notions of fundamental fairness, he should, on his own motion, strike such provisions from the agreement with the consent of the parties.
>
> In addition to his inquiry with the accused, the trial judge should secure from counsel for the accused as well as the prosecutor their assurance that the written agreement encompasses all of the understandings of the parties and that the judge's interpretation of the agreement comports with their understanding of the meaning and effect of the plea bargain.

The Court expressed the following reasons for requiring this procedure:

> Judicial scrutiny of plea agreements at the trial level not only will enhance public confidence in the plea bargaining process, but also will provide invaluable assistance to appellate tribunals by exposing any

secret understandings between the parties and by clarifying on the record any ambiguities which lurk within the agreements. More importantly, a plea bargain inquiry is essential to satisfy the statutory mandate that a guilty plea not be accepted unless the trial judge first determines that it has been voluntarily and providently made. *See* Article 45(a), Uniform Code of Military Justice, 10 U.S.C. § 845(a). Finally we believe trial judges must share the responsibility, which until now has been borne by the appellate tribunals, to police terms of pretrial agreements to insure compliance with statutory and decisional law as well as adherence to basic notions of fundamental fairness.

*United States v. Green, supra* at 456. Failure to adhere to the *Green* guidelines affects the providence of the plea and requires reversal.[1] *United States v. King,* 3 M.J. 458 (C.M.A.1977). Mere substantial compliance is not sufficient. *Id.*

In order to minimize reversals by the Court of Military Appeals, this Court set forth a detailed procedure for the pretrial agreement inquiry in *United States v. Williamson, supra.* Among other things the procedure provides that the military judge "[s]trike all provisions, with the consent of the parties, that violate either appellate case law, public policy, or the judge's own notions of fundamental fairness; further, make a statement on the record that the judge considers all remaining provisions to be in accord with appellate case law, not against public policy, and not contrary to his own notions of fundamental fairness." *Id.* at 710.

■ Although this Court has stressed that adherence to the *Williamson* procedure will minimize reversals and has exhorted trial judges to follow it, we have held that failure to follow *Williamson* will not automatically constitute prejudicial error and consequently result in reversal. Each case will be examined individually and decided

---

1. A plea bargain inquiry which does not comply with *Green* may also be remedied by a subsequent proceeding at which the accused is permitted to withdraw his pleas and plead anew because it is tantamount to a reentry of his pleas. *United States v. Steck,* 8 M.J. 688 (N.C.M.R.1980).

on the basis of its facts. *United States v. Tobey,* 6 M.J. 917 (N.C.M.R.1979). *Accord, United States v. Smith,* No. 80 1151 (N.C. M.R. 25 August 1980) (unpublished); *United States v. Daly,* No. 79 2009 (N.C.M.R. 15 April 1980) (unpublished); *United States v. Townsend,* No. 78 0642 (N.C.M.R. 24 July 1978) (unpublished) (Baum, J., concurring); *United States v. Thibault,* No. 79 0115 (N.C. M.R. 24 May 1978) (unpublished). *Also see United States v. Kraffa,* 9 M.J. 643 (N.C.M. R.1980). Although cases in which the *Williamson* procedure has not been followed have been reversed because of deficient plea bargain inquiries, the rationale has been failure to comply with *Green,* not *Williams*[2]. *See United States v. Osborne,* 9 M.J. 946 (N.C.M.R.1980); *United States v. Newland,* 9 M.J. 943 (N.C.M.R.1980); *United States v. Kraffa, supra.*

 *United States v. Green, supra,* requires that all the terms of a plea bargain be spread on the record in order to establish the voluntariness and providence of the pleas. The trial judge must police the terms to insure compliance with statutory and decisional law as well as adherence to basic notions of fundamental fairness. *United States v. King, supra,* requires reversal if *Green* is not satisfied. Although *Green* requires the judge to strike provisions which violate case law, public policy, or notions of fundamental fairness, neither *Green* nor *King* requires reversal because he failed to state on the record that he considered the remaining provisions of the plea bargain to be in accord with case law, public policy, and his notions of fundamental fairness. *United States v. Williamson* does not automatically require reversal when the trial judge does not adhere to the procedure set forth there. Therefore, we conclude that the judge's omission in this case did not render the plea bargain inquiry fatally defective.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Senior Judge GREGORY and Judge DONOVAN concur.

---

2. Many reversals could have been avoided by compliance with the *Williamson* procedure. Unfortunately, some judges have refused to heed the warnings of this court and have curtailed their plea bargain inquiries, apparently adopting rationales found in our earlier decisions which have not been expressly affirmed by the Military High Court. Denial of review of our earlier decisions may merely signify at most that the Court of Military Appeals found substantial compliance with the *Green* guidelines in cases tried before *United States v. King, supra. See United States v. Crowley,* 7 M.J. 336 (C.M.A.1979). *But see United States v. Mahan,* 1 M.J. 303, 307 n.9 (C.M.A.1976) (denial of a petition is of no precedential value). Substantial compliance with *Green* is no longer adequate. *United States v. King, supra.*